FILED
MAR - 7 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| A.B.,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>Defendant. | Civil Action No. 19-cv-598<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

The plaintiff in this action, "a victim of severe domestic violence" who "fled from her home in El Salvador out of fear for her life," and "face[s] a serious risk of being harmed or killed by her husband" if forced to return to El Salvador, has moved to proceed under a pseudonym, Pl.'s Mot. Proceed Under Pseudonym ("Pl.'s Mot.") at 1, in her instant action seeking information related to "then-Attorney General Jeff Sessions and the Department of Justice's decision to direct the Board of Immigration Appeals . . . to certify plaintiff A.B.'s . . . asylum case to him and vacate the Court's previous decision to grant asylum to Plaintiff." Compl. ¶ 1. For the reasons set forth below, the Court will grant the plaintiff's motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

## I. BACKGROUND

The plaintiff, "a victim of severe domestic violence" who "fled from her home in El Salvador out of fear for her life," Pl.'s Mot. at 1, is an asylum seeker who has requested "information related to the Attorney General's decision to intervene in Plaintiff's asylum

[1] Under Local Civil Rule 40.7(f), the Chief Judge "shall . . . hear and determine . . . motions to file a pseudonymous complaint." LCvR 40.7(f).

case," which "documents may be relevant to due process issues involved in Plaintiff's pending appeal to the BIA and any subsequent stages in her case." *Id.* at 2. The plaintiff avers that, "[a]lthough the instant action arises under the Freedom of Information Act, Plaintiff has requested only records pertaining to her herself and to events that transpired in her own immigration case, and has not made a general request for public information." *Id.*

## II. LEGAL STANDARD

Generally, a complaint must state the names of the parties. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days [of] filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The public's interest "in knowing the names of [ ] litigants" is critical because "disclosing the parties' identities furthers openness of judicial proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) ("[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.") (footnotes omitted). Nevertheless, courts have, in special circumstances, permitted a party "to proceed anonymously" when a court determines "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings" and considers the "fairness to the defendant." *Nat'l Ass'n of Waterfront Emp'rs v. Chao* ("*Chao*"), 587 F. Supp. 2d 90, 99 (D.D.C. 2008) (RMC).

In the past, when balancing these two general factors, two different but analogous tests have been applied in this circuit. The first test consists of the six factors set forth in *United States v. Hubbard*, 650 F.2d 293, 317–21 (D.C. Cir. 1980):

> (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the document prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purpose for which the documents were introduced.

*Doe v. CFPB* ("*Doe I*"), No. 15-1177 (RDM), 2015 WL 6317031, at *2 (D.D.C. Oct. 16, 2015). In other cases, a "five-part test to balance the concerns of plaintiffs seeking anonymity with those of defendants and the public interest" has been applied. *Eley v. District of Columbia*, No. 16-806 (GMH), 2016 WL 6267951, at *1 (D.D.C. Oct. 25, 2016). These factors, drawn from *Chao*, include the following:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe v. Teti*, Misc. No. 15-01380 (RWR), 2015 WL 6689862, at *2 (D.D.C. Oct. 19, 2015); *see also Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015) (TSC); *Doe v. U.S. Dep't of State*, Civil No. 15-01971 (RWR), 2015 WL 9647660, at *2 (D.D.C. Nov. 3, 2015); *Doe v. Cabrera*, 307 F.R.D. 1, 5 (D.D.C. 2014) (RBW).

The *Chao* and *Hubbard* factors weigh the same two general concerns. *Doe Co. No. 1 v. CFPB* ("*Doe II*"), 195 F. Supp. 3d 9, 15–16 (D.D.C. 2016) (RDM). Specifically, these concerns are: (1) the "[s]trength of the [g]eneralized [p]roperty and [p]rivacy [i]nterests" involved and "the possibility of prejudice" to those opposing disclosure, *Hubbard*, 650 F.2d at 320–21; and (2) whether the "justification" for nondisclosure "is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of

a sensitive and highly personal nature," *Teti*, 2015 WL 6689862, at *2. Thus, in *Doe II*, the Court determined that

> the question before the Court is not best answered with a rigid, multi-part test but with an assessment of whether the non-speculative privacy interests that the movants have identified outweigh the public's substantial interest in knowing the identities of [the] parties in litigation, along with any legitimate interest that the non-moving parties[] . . . may have in revealing the identity of the movants.

*Doe II*, 195 F. Supp. 3d at 17.

This balancing inquiry accords with the D.C. Circuit's test for whether a district court should exercise its discretion to permit an exception from Federal Rule of Civil Procedure 10(a). The Circuit has acknowledged the district court's discretion "to grant the 'rare dispensation' of anonymity" to litigating parties under certain limited circumstances, provided the court has "inquire[d] into the circumstances of particular cases to determine whether the dispensation is warranted." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995) (quoting *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). In exercising this discretion, the D.C. Circuit has required the court to "take into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (internal citations and quotation marks omitted).

Thus, whichever test applies, the same general balancing inquiry is at issue: "whether the non-speculative privacy interests that the movants have identified outweigh the public's substantial interest in knowing the identities of [the] parties in litigation, along with any legitimate interest that the non-moving parties[] . . . may have in revealing the identity of the movants." *Doe II*, 195 F. Supp. 3d at 17; *see also Chao*, 587 F. Supp. 2d at 99 (assessing whether "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings and [considering the] fairness to the defendant").

## III. DISCUSSION

At this early stage of the litigation, this Court is persuaded that the plaintiff has met her burden of showing that her privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation. The public's interest in the litigant's identity is *de minimis* compared to the significant privacy interests of the plaintiff, an asylum seeker who "was brutalized by her husband in her home country for fifteen years," during which time she "was subjected to extreme physical, sexual, and emotional violence." Pl.'s Mot. at 4.

In this case, the plaintiff avers that "[h]er husband has a significant history of extreme violence against Plaintiff. In addition to Plaintiff's husband potentially committing further physical violence against her, her husband may be inclined to commit further violence against Plaintiff's daughter still in El Salvador—whom he has already harmed—should he become aware of Plaintiff's asylum efforts rooted in his abuse." *Id.* at 5.

As to the nonmoving parties' interests, the sole defendant is the Department of Justice. Allowing the plaintiff to proceed under a pseudonym will have no impact on any private rights, as the only defendant is a government agency. The plaintiff's identity, moreover, is already known to the government in connection with her asylum application, and will be disclosed to the defendant upon entry of this Order. *Id.* at 1. Allowing the plaintiff to proceed pseudonymously thus will not compromise the defendants' ability to defend this action and poses little "risk of unfairness to the opposing party." *Chao*, 587 F. Supp. 2d at 99. Finally, any public interest in disclosing the identity of the plaintiff is significantly outweighed by the deadly threat that such disclosure would entail.

In sum, weighed against the minimal apparent interest in disclosure, the plaintiff's significant interests in maintaining her anonymity at this early stage in the litigation is more than sufficient to overcome any general presumption in favor of open proceedings. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Proceed Under Pseudonym and to File Supporting Declaration Under Seal is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned, and the case may proceed using the pseudonym "A.B." for the plaintiff; and it is further

**ORDERED** that the plaintiff's motion and supporting exhibits, including the full name of the plaintiff, shall remain under seal until further order of the Court; and it is further

**ORDERED** that the defendants are prohibited from publicly disclosing the plaintiff's identity or any personal identifying information that could lead to the identification of the plaintiff by nonparties.

**SO ORDERED.**

Date: March 7, 2019

BERYL A. HOWELL
Chief Judge