**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

**A.B.,**                                                   )
                                                            )
                                                            )
                                    Plaintiff,              )
                    v.                                      )
                                                            )         Civil Case No.: 19-0598-CJN
**UNITED STATES DEPARTMENT OF**                             )
**JUSTICE,**                                                )
                                                            )
                                    Defendant.              )
_____)

**JOINT STATUS REPORT**


Pursuant to the Court's October 23, 2019 Order, the parties conferred and respectfully

submit the following status report of this Freedom of Information Act ("FOIA") case:

**<u>DEFENDANT'S POSITION</u>**

The Office of Information Policy ("OIP"), a component of the U.S. Department of

Justice, received Plaintiff's request on May 30, 2018 and is processing it on behalf of the Office

of the Attorney General ("OAG").  Currently the search for this request remains pending.

In response to Plaintiff's FOIA request, OIP provided Plaintiff, via email dated July 30,

2018, a preliminary estimate of approximately six months to complete the search based on its

then-current position in the queue and OIP's understanding of the search completion rate.  In

accordance with Department regulations and the FOIA statute, OIP also invited Plaintiff to

discuss options to narrow the search and decrease the amount of time to complete the search. See

5 U.S.C. § 552(a)(6)(B)(ii) and 28 C.F.R. § 16.5(b).  OIP's estimate in July 2018 did not fully

appreciate how the surge in FOIA requests received in Fiscal Years 2017 and 2018 would affect

the length of time necessary to complete the searches.  For instance, in FY 2018, OIP received

3,523 FOIA requests. *See, e.g.,* Declaration of Vanessa R. Brinkmann, *Buzzfeed, Inc. v. U.S. Dep't of Justice*, No. 1:18-02370-CRC, ECF No. 14-2, at pp. 2-30 (D.D.C. March 29, 2019) (attached as Gov. Exhibit I herein). Moreover, during the summer of 2018 OIP experience two technical issues that impacted electronic records searches and significantly slowed down the rate of search completion as resources were diverted to remediate previously run electronic records searches. OIP has detailed this technical issue before this Court previously. *Id.* The surge in complex FOIA requests received by OIP is further outlined in detail below.

In the last Joint Status Report (ECF No. 15), OIP updated its search estimate based on a revised understanding of its tremendous backlog of FOIA matters. OIP informed Plaintiff that the current estimate to complete the search for this request would be seven months (April 2020) and that 184 requests remained ahead of Plaintiff's in its current search queue. OIP still expects to complete the search by April 2020 and estimates that 137 requests remain ahead of Plaintiff's search in the current search queue.

The additional time required to complete the search in this matter is a result of an ongoing and unprecedented surge of FOIA requests received by OIP. To provide context, OIP's Annual Report data reflects that prior to Fiscal Year 2017, OIP had never received more than 1,803 FOIA requests in a given year. Beginning in Fiscal Year 2017, OIP has received more than 2,800 FOIA request numbers annually, and OIP reports that preliminary data for Fiscal Year 2019 indicates that it received a staggering total of 2,918 requests for the year. To respond to this unprecedented surge in FOIA requests OIP has increased both its staffing and resources, adopted new internal strategies to create processing efficiencies, and leveraged technological advances to facilitate its review of documents. As a result, over the past four years, OIP has been able to process more than 2,000 requests annually. Additionally, with the most recent

additions to OIP's staff over the last six months, OIP's preliminary data indicates it was able to process more requests than it received; in sum, a total of 2,456 requests for Fiscal Year 2019, despite a month-long government shutdown.[1]  Additionally, at the beginning of Fiscal Year 2017, OIP was involved in forty litigation related matters.  As it stands today, OIP is involved in 122 litigation-related FOIA matters in federal court, a 200% increase over the intervening period. OIP has extensively documented the unprecedented nature of its backlog and increasing FOIA litigation-related matters in connection with other FOIA disputes pending in this Court.  *See, e.g.,* Declaration of Vanessa R. Brinkmann (Gov. Exhibit I herein).

As a consequence, while OIP has placed Plaintiff's search in a queue commensurate with the number of search custodians involved in this request, OIP's significant backlog of email and electronic records searches means that it is not in a position to complete the search for Plaintiff's FOIA request more quickly without unfairly displacing other equally-meritorious FOIA requests. Many of these requests were granted expedited processing or are narrower, and many are on equal-footing in terms of number of custodians to be searched.

However, OIP has offered to engage with Plaintiff to narrow the scope of this request as a means to decrease the amount of time to complete the search.  For example, in the previous Joint Status Report, OIP outlined a proposal to move Plaintiff's request to a narrower search queue with an estimated time remaining of only three additional months, by limiting the search to former Attorney General Jeff Sessions and the three officials within the Office of the Attorney General during this time period most likely to have been involved in immigration-related

---

[1]     The OIP FOIA request and processing statistics cited to in this paragraph, through Fiscal Year 2018, are publically available as part of OIP's Annual Report, which is accessible at the following link: https://www.justice.gov/oip/reports-1. The Annual Report for Fiscal Year 2019 (ending on September 30, 2019) is not yet finalized. As such the Fiscal Year 2019 statistics come from OIP's own internal tracking data.

matters.  *See* ECF No. 15.  These officials were identified based on OIP's extensive knowledge of the work portfolios assigned to them.  By omitting likely extraneous or redundant officials from Plaintiff's search, it is placed in a narrower search queue, thereby not unfairly displacing other similarly-situated requests that are ahead of Plaintiff in the current queue.

Plaintiff rejected OIP's proposal to narrow the scope of this request and did not offer any reasonable alternatives.  Instead, in the last Joint Status Report, Plaintiff offered a counter-proposal which seeks the advantages of a shorter search queue without reducing the total number of officials searched by requesting that OIP bifurcate its search such that "Defendant [would] produce documents for the four custodians identified . . . with a deadline for complete production of these custodians' materials set out three months from now . . . [and] [f]or the remaining custodians, Defendant's deadline to produce documents within their possession would be seven months from now."  *See* ECF No. 15.  Defendant's three and seven month time frames are contingent upon a reduction in the total number of custodians searched which allows for Plaintiff's request to move into the shorter search queue.  Plaintiff's proposal does not actually reduce the total number of custodians searched, but instead bifurcates the search into two narrower searches of the same total size, which effectively displaces the other similarly-situated requests currently ahead of Plaintiff's search and which are not so bifurcated.

In the interest of continued discussions to narrow Plaintiff's search, OIP proposes the following compromise: OIP conducts an initial search of former Attorney General Jeff Sessions and the three other identified officials, with the search results being returned within three months.  After OIP has processed and produced to Plaintiff any responsive records, OIP agrees to conduct one supplemental search if the produced responsive records reveal that custodians not included in OIP's initial search substantially participated in communications concerning

Plaintiff's asylum claim.  In that event, OIP would conduct a search of any such additional custodians.  This proposal balances OIP's fairness concerns in treating similarly-situated requests equally with Plaintiff's concerns in receiving any responsive records more quickly.  Moreover, by narrowing this initial search to former Attorney General Jeff Sessions and the three other identified officials assigned to immigration-related matters, OIP believes that the vast majority of any responsive records would be identified by this search such that any supplemental search would likely be unnecessary or minimal.

Lastly, while Plaintiff's request has continued to advance through the search queue, OIP has also searched other records repositories for potentially responsive records.  Recently, OIP completed its search of the Departmental Executive Secretariat (DES), the official records repository of Offices of the Attorney General, Deputy Attorney General, Associate Attorney General, and Legislative Affairs and maintains records of all formal, controlled, unclassified correspondence sent to or from those offices from January 1, 2001, to the present day. Moreover, the DES is used to track internal Department correspondence sent through formal channels, as well as certain external correspondence including Departmental correspondence with Congress.  OIP has located 46 pages containing records responsive to Plaintiff's request within the DES intends to provide an interim response to Plaintiff as soon as practicable.

**Defendant's Requested Action by the Court:**

Given the above-described circumstances and Defendant's revised proposal to Plaintiff, Defendant proposes that the parties submit a Joint Status Report in sixty days on January 15, 2020.

**PLAINTIFF'S POSITION:**

Ms. A.B.'s appeal to the Board of Immigration – the reason for the FOIA request and the Complaint in this matter – has received a briefing schedule with the opening being due November 25, 2019. As of now, Ms. A.B. has received virtually no documents from the DOJ despite making her FOIA request May 25, 2018, 17 months ago.

**Summary of Events**

For the convenience of this Court, Ms. A.B. provides the following summary and timeline of significant events related to Ms. A.B.'s FOIA request and this matter, which provide information as to the significant delays to Ms. A.B.'s FOIA request:

- On March 26, 2018, A.B. made a FOIA request addressed to the DOJ's Mail Referral Unit. This request sought all records that were prepared, received, transmitted, collected and/or maintained by DOJ that contain, discuss, refer to, or are related to the Attorney General's decision to certify to himself Ms. A.B.'s asylum case. The request sought expedited treatment pursuant to 5 U.S.C. § 552(a)(6)(E)(ii) and 28 CFR § 16.5(e)(1).

- On or around April 24, 2018, Ms. A.B.'s counsel received a "partial response" from the DOJ's Executive Office of Immigration Review ("EOIR"). The EOIR stated that it received Ms. A.B.'s FOIA request from the Justice Management Division, and was enclosing records responsive to the FOIA request. These records consisted or a single one-page e-mail, apparently announcing the Attorney General's self-certification decision to various DOJ personnel.

- On May 25, 2018 – two months after the initial request was made – the DOJ's FOIA officer directed Ms. A.B.'s counsel to re-file her request directly with the EOIR, which they promptly did on May 30, 2018.

- The DOJ on June 8, 2018 denied Ms. A.B.'s request for expedited processing. The letter denying expedited processing stated that the Request "has been assigned to an analyst in this Office and our processing of it has been initiated," but the DOJ failed to provide a response to the Request by the twenty-working-day deadline under 5 U.S.C. § 552(a)(6)(A)(i).

- Having heard nothing from the DOJ since the denial of expedited processing and the passing of the Agency's statutory deadline to respond to the Request, counsel for Ms. A.B. contacted Brittnie Baker, the DOJ's FOIA officer assigned to the Request, on July 11, 2018.  Ms. Baker stated that the Request was on a "complex track," but could not provide an estimated time for the initial results.  She promised to calculate that time and inform Ms. A.B.'s counsel.

- After Ms. A.B.'s counsel followed up with her, Ms. Baker responded via email on July 30, 2018.  She stated that "it is estimated that it will take at least 6 months for the search to be completed.  It will then take another few months to review and process any responsive records that may be located, depending on the volume of records located in the search."  Ms. Baker did not explain why the Request – which apparently did not merit "unusual circumstances" treatment – would require such a lengthy search period, not to mention a potentially even longer review period.

- Having received no communication from the DOJ regarding the processing of her Request after Ms. Baker's July 30, 2018 email, Ms. A.B. filed an administrative appeal due to the DOJ's failure to timely respond to the Request on September 28, 2018.  The appeal challenged the DOJ's unreasonable delay, uncertain response date, and improperly lengthy estimate of the time required to respond to the Request.

- On October 24, 2018, the DOJ sent a letter in response to Ms. A.B.'s administrative appeal, claiming that because no "adverse determination" had been made, there was no action to consider on appeal.  The DOJ did not set forth a reason for the delay or provide any sort of definitive response date.  The response to A.B.'s administrative appeal acknowledged that "the FOIA authorizes requesters to file a lawsuit when an agency takes longer than the statutory time period to respond," thereby conceding that Ms. A.B. had exhausted her administrative remedies.

- On March 6, 2019, Ms. A.B. filed her FOIA Complaint against the DOJ.  The DOJ was promptly served thereafter.

- After months of Ms. A.B. diligently trying to get the DOJ to respond, and her counsel speaking to DOJ employees, Ms. A.B. was forced to take the DOJ's default on or around May 24, 2019. The DOJ then finally appeared and responded claiming there was a clerical issue, which is why it did not respond, and acknowledging that service was, indeed, properly effectuated.

- On July 1, 2019, the DOJ finally answered the Complaint despite being served months prior with the FOIA complaint.

- On August 14, 2019, the Court ordered the parties to submit a Joint Status Report. The DOJ's position was that it would take six months to obtain the responsive records from fourteen custodian it has identified as responsive to the FOIA request, and time to review these documents for exemptions. In the alternative, the DOJ gave Ms. A.B. the option to receive records only from four custodians, which the DOJ solely identified as most relevant, in approximately three months, but would have to forego records from the other custodians without knowing what other records she would not receive. The DOJ offered

one supplemental search following the limited production, but the production would have to be justified by the records produced from the four custodians. The DOJ gave no timeline for how long this supplemental production would take once it would inevitably be necessary. Thus, the DOJ is attempting to force Ms. A.B. to either not receive records in which she is entitled or to force her to wait an inordinate amount of time, for reasons unknown to Ms. A.B.

- On September 16, 2019, the parties filed a Joint Status Report requesting more time while the DOJ obtained more information as to how long it would take to produce the documents, as indicated in Ms. A.B.'s FOIA request. An additional Joint Status Report was scheduled for September 30, 2019.

- On September 30, 2019, the DOJ remained adamant in its prior position. And the parties requested an additional Joint Status Report filed by November 15, 2019.

- Since then, the Board of Immigration Appeals set a briefing schedule for Ms. A.B.'s action with the opening being due November 25, 2019. Ms. A.B. is seeking an extension; however, even if granted, the max extension Ms. A.B. could receive is 90 days, February 23, 2020.

The DOJ has failed to give any confirmed date by which it will make significant production of documents Ms. A.B. requested 17 months ago. To date, the DOJ has produced *five pages* of documents: four pages of emails, primarily about how to caption Ms. A.B.'s asylum case, and Attorney General Session's self-certification order.

The Government has produced documents in response to other FOIA requests that were made *after* Ms. A.B.'s FOIA request, and have incidentally included documents that reference Ms. A.B.'s asylum case. For example, on December 17, 2018, the Catholic Legal Immigration

Network, Inc. (CLINIC) submitted a FOIA request much broader than Ms. A.B.'s FOIA request; this was seven months after Ms. A.B.'s FOIA request. This request included, among numerous other documents, "All records between EOIR Office of Policy staff and staff of EOIR; staff of the Department of Justice; staff of the Department of Homeland Security; and/or White House staff regarding each case listed below: Matter of A-B-, 27 I&N Dec. 227 (A.G. 2018), 27 I&N Dec. 247 (A.G. 2018), and 27 I&N Dec. 316 (A.G. 2018)." FOIA Disclosures on the Office of Policy, Catholic Legal Immigration Network, Inc., (Nov. 15, 2019), https://cliniclegal.org/sites/default/files/resources/2019-1024-foia-request-eoir-policy-office.pdf. The Government has already produced substantial documents in response to CLINIC's FOIA request.

The Government processing of other similar, but broader FOIA requests, significantly undermines its claims of how long the search must take. Indeed, there has been no clear and reasonable explanation as to why Ms. A.B. has not received any documents. Ms. A.B. made her FOIA request in May 2018, and the DOJ stated, "it is estimated that it will take at least 6 months for the search to be completed.  It will then take another few months to review and process any responsive records that may be located, depending on the volume of records located in the search." Six months later, a broader FOIA request was made by CLINIC, which has since received numerous documents. Meanwhile, Ms. A.B. has received virtually no documents while she has deadlines in which she needs the documents from her FOIA request. Without these documents, which Ms. A.B. intends to use in her appeal to the BIA, she could be removed from the United States. Time is of the essence. There is no justifiable reason why Ms. A.B.'s request is taking longer than FOIA requests filed much later than hers.

**Plaintiff's Requested Action by the Court:**

Ms. A.B. has significant concerns about how the DOJ has handled her FOIA request, responded to the Complaint, and when she will receive any substantive documents, if ever. As a result Ms. A.B. requests that: (1) this Court set schedule for review and release of records with the DOJ to begin producing documents no later than 20 days from filing of this Joint Status Report; (2) the DOJ complete its production of documents by January 23, 2020; and (3) request the Court convene a conference to resolve all areas of disagreement and for the DOJ to provide an update to this Court as to the status of its document production on December 2, 2019,[2] or as soon thereafter as this Court is available. Based on the way the FOIA request and Complaint have been handled, it is unlikely Ms. A.B. will receive documents by a reasonable time without the Court's intervention.

Dated: November 15, 2019                                    Respectfully submitted,

RILEY SAFER HOLMES & CANCILA LLP          JESSIE K. LIU
                                                                         D.C. BAR # 472845
By: _____//s_____                         United States Attorney
YAKOV P. WIEGMANN (CSB # 245783)
456 Montgomery Street, 16th Floor                    DANIEL F. VAN HORN
San Francisco, CA 94104                                   D.C. BAR # 924092
Telephone: (415) 275-8550                                Chief, Civil Division
Facsimile: (415) 275-8551
E-mail: ywiegmann@rshc-law.com                   By:  _____//s//_____
Counsel for Plaintiff                                         JOHN C. TRUONG
                                                                         D.C. BAR #465901
                                                                         Assistant United States Attorney
                                                                         555 4th Street, N.W.
                                                                         Washington, D.C. 20530
                                                                         Tel: (202) 252-2524
                                                                         Fax: (202) 252-2599
                                                                         E-mail: John.Truong@usdoj.gov

---

[2]       Counsel for the Government is on scheduled leave during the Thanksgiving week, from November 25 to December 1, 2019.

Counsel for Defendant